IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **OTTAWA NORTHERN RAILROAD, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 23-2363-KHV |
| | ) | |
| **CITY OF BALDWIN, KANSAS, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on Plaintiff's Response To Order To Show Cause (Doc. #69) filed November 22, 2023. In briefing on their motions to dismiss, defendants represented that they had previously applied for a Right of Entry ("ROE") permit and supplied Ottawa Northern with supporting paperwork, so the Court ordered Ottawa Northern to show cause why its request for a declaration that defendants must follow its ROE permit process was not moot. See Statement On Status (Doc. #45) filed October 13, 2023. On November 22, 2023, Ottawa Northern responded. See Plaintiff's Response To Order To Show Cause (Doc. #69).

## Analysis

Ottawa Northern seeks a declaration from the Court that "each Defendant must apply for and obtain a Right of Entry permit from Ottawa Northern before entering upon Ottawa Northern's property and conducting construction activities upon Ottawa Northern's property, for any purpose." Complaint (Doc. #1) filed August 21, 2023 at 16. Ottawa Northern argues that its request is not moot because (1) defendants' current construction on the trail represents only one of three planned phases of construction and the remaining phases involve construction activities along the entirety of Baldwin's claimed easement which spans the full distance of Ottawa

Northern's railroad right-of-way from Baldwin City to Ottawa, Kansas, (2) the remaining phases of construction will pose safety risks and damage to Ottawa Northern's property, (3) although Ottawa Northern has granted defendants a temporary ROE permit for the limited purpose of entering its property to mitigate existing safety concerns on the trail, the temporary permit does not grant defendants a right to enter upon or complete any other work on Ottawa Northern's property and (4) if defendants complete the planned trail construction, they would need additional ROE permits to maintain and make future improvements on the trail.

Declaratory judgment actions are subject to the same mootness criteria that apply to any other lawsuit. Schell v. OXY USA Inc., 814 F.3d 1107, 1114 (10th Cir. 2016). "In the declaratory-judgment context, the mootness inquiry looks to whether the requested relief will actually alter the future conduct of the named parties." Hewitt v. Helms, 482 U.S. 755, 761 (1987).

Ottawa Northern's requested declaration will alter defendants' future conduct because it will require them to apply for and obtain an ROE permit from Ottawa Northern for any future entry on the land and/or construction of the trail beyond the scope of the temporary permit Ottawa Northern has already granted. The Court therefore finds that Ottawa Northern's request for a declaration that defendants must follow its ROE permit process going forward is not moot and thus it is appropriate to exercise its jurisdiction.

Dated this 1st day of December, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge